IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODERICK WHITE                                                                                              PLAINTIFF
ADC #92057

V.                                          NO.  5:05CV00298 JMM/JWC

NNAMDI IFEDIORA, et al                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the Maximum Security Unit of the Arkansas Department of Correction ("ADC").  On October 25, 2005, Plaintiff filed this 42 U.S.C. § 1983 civil rights action.  On the same date Plaintiff also filed a motion for preliminary injunction and memorandum of law in support (docket entry #3) to prevent Defendants from further denying him appropriate medical care for his diagnosed glaucoma. According to Plaintiff's complaint, he has a documented history of glaucoma that Defendants diagnosed in mid-2001 while he was incarcerated at the Varner Super Max Unit.  Despite his medical history, continuing complaints and problems, and diagnosis, Plaintiff asserts that Defendants, pursuant to Correctional Medical Services policy, will not consider surgical intervention to save his eyesight due to the costs involved.  Plaintiff further alleges that after he was transferred to the Maximum Security Unit he was placed on field utility duty in violation of his medical classification that has subjected him to conditions that severely aggravate his glaucoma (extreme heat, sunlight, glare, dust, sweat, and pollen).  According to Plaintiff, as a direct result of the denied surgical intervention, he has already lost total sight in one eye and now faces a substantial risk of

losing his remaining eyesight if left untreated and subjected to his current work placement. A hearing on Plaintiff's request for preliminary injunctive relief was held before The Honorable James M. Moody on February 17, 2006, and relief was denied (see docket entries #63, #64).

**A.    Procedural Background**

On March 1, 2006, the Arkansas Department of Correction Defendants filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #68, #69) seeking to dismiss Plaintiff's complaint on the grounds that: (1) he has failed to exhaust his administrative remedies; (2) he has failed to state a claim upon which relief can be granted; (3) respondeat superior is not a basis for liability under § 1983; and (4) his claims are barred by the doctrines of sovereign and qualified immunity. By order entered March 3, 2006 (docket entry #70), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion to dismiss. In addition, Plaintiff was advised that since Defendants had attached evidence to their brief, the Court may construe the motion as one for summary judgment.[1] Plaintiff was therefore advised that his response to Defendants' motion may include opposing or counteraffidavits, executed by him or other persons, which have either been sworn to under oath or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas,

---

[1] See Country Club Estates, L.L.C. v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000) ("Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56 . . . . a party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment. The general rule in this Circuit is that 'strict compliance' with this notice procedure is required.").

Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought should be decided at trial.

On the same day, the Correctional Medical Services ("CMS") Defendants filed a motion to dismiss and brief in support (docket entries #72, #73) also seeking to dismiss Plaintiff's § 1983 complaint on the grounds that he has failed to exhaust his administrative remedies.[2] On June 14, 2006, Defendant Miles filed a motion to dismiss and brief in support (docket entries #95, #96) again, seeking to dismiss Plaintiff's complaint on the grounds that he has failed to exhaust his administrative remedies.[3] By orders entered March 7, 2006, and June 20, 2006 (docket entries #74, #104), Plaintiff was notified of his opportunity to file responsive pleadings opposing these motions to dismiss as well. He has filed numerous responses (see docket entries #76, #78, #86, #109, #116) and the CMS Defendants have filed one reply (see docket entry #77).

**B.     Standard of Review**

Summary judgment[4] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

---

[2] CMS Defendants adopt by reference and incorporate the exhaustion arguments presented in separate ADC Defendants' motion to dismiss and brief in support.

[3] Defendant Miles adopts by reference and incorporates the exhaustion arguments presented in separate ADC and CMS Defendants' motions to dismiss and briefs in support.

[4] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendants refer to administrative documentation attached to previously filed pleadings which the Court relies upon, and since Plaintiff has responded to Defendants' motions with evidence the Court relies on, thus negating any potential claim of unfair surprise, Defendants' motions will be construed as ones for summary judgment. Id. 56.

judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

**C.    Analysis**

The ADC Defendants first contend that Plaintiff has failed to exhaust his administrative remedies with respect to Defendants Norris, Harris, King, Byus, Mobley, and White because he did not file any grievances against these individuals (see docket entry #69). The CMS Defendants adopt by reference and incorporate the exhaustion arguments presented in separate ADC Defendants' motion to dismiss and brief in support (see docket entry #73). In reply to Plaintiff's response to the ADC Defendants' motion to dismiss (see docket entry #77), the CMS Defendants contend that the evidence Plaintiff relies on indicates that full exhaustion (of the grievances Plaintiff refers to) did not occur until a month after his complaint was filed, in violation of the Prison Litigation Reform Act's provisions. Defendant Miles contends that Plaintiff has failed to exhaust his administrative

remedies with respect to him because he failed to exhaust any grievance against him personally (see docket entry #96).

The Eighth Circuit has held that administrative exhaustion is an affirmative defense that must be raised by defendants. See Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per curiam) (citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)) (district court erred in dismissing complaint sua sponte for failure to exhaust administrative remedies; failure to exhaust is an affirmative defense, and plaintiff need not plead that he has exhausted his remedies in order to avoid pre-service dismissal). Defendants have raised this defense in each of their motions.

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

The Eighth Circuit has recently mandated the dismissal of § 1983 complaints pursuant to § 1997e(a) based on the inmate's failure to identify by name during the grievance process each individual defendant he later sued in federal court. See Abdul-Muhammad, et al. v. Kempker, 450 F.3d 350, 351-52 (8th Cir. 2006) ("a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances").[5]

Plaintiff contends that not only is the ADC's grievance procedure unconstitutional, but it is virtually impossible for him to file a separate grievance on each Defendant and claim involved, as case law now requires and ADC policy prohibits (see docket entries #86, #109). Plaintiff misconstrues both ADC policy and the law. Nothing prevents Plaintiff from filing a single grievance that addresses the actions of several co-defendants and covers more than one related claim. He is required merely to identify by name in his grievance(s) each individual he ultimately sues and to raise each claim ultimately pursued. This, he has failed to do. An exhaustive review of the evidence submitted by Plaintiff (see docket entries #76, #78, #109, #116) indicates that he has never identified Defendants Harris or Hubbard in the grievances or appeals produced. Moreover, as the CMS Defendants aptly pointed out, Plaintiff did not exhaust his administrative remedies as to other Defendants

---

[5] Citing Dodson v. Norris, 168 Fed. Appx. 141 (8th Cir. 2006) (per curiam) (affirming dismissal of complaint for failure to exhaust when plaintiff did not file grievances against certain defendants named in complaint); Coleman v. Kemna, 83 Fed. Appx. 140, 141 (8th Cir. 2003) (per curiam) (affirming dismissal of complaint when plaintiff did not file a grievance against a prison official named in complaint); Grady v. Cross, 76 Fed. Appx. 760, 761 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff "did not file and exhaust a grievance against . . . a named defendant" before filing complaint); Love v. May, 63 Fed. Appx. 282, 283 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff did not file grievances against three defendants named in complaint).

until a month or more after he filed this lawsuit. The law on that issue is clear, Plaintiff is required to exhaust all available prison grievance remedies as to all claims he asserts <u>prior to filing suit</u>. Plaintiff's failure to comply with either of these mandates, or compliance in part, produces the same result: a dismissal, without prejudice, of his entire complaint. <u>Abdul-Muhammad</u>, 450 F.3d at 352; <u>Johnson</u>, 340 F.3d at 627; <u>Graves</u>, 218 F.3d at 885. For these reasons, Defendants' motions should be granted.[6] Analysis of the ADC Defendants' alternate grounds for dismissal is unnecessary.

### III. Conclusion

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1. Defendants' motion for summary judgment / motions to dismiss (docket entries #68, #72, #95) should be GRANTED and Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2. All pending motions should be DENIED AS MOOT.

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

DATED this 16th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] The fact that Defendant Dunn was finally served with process (docket entry #90) but has never entered an appearance is no longer relevant based on the findings of this recommendation.